# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (CAND Rev 1/10)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Berlin Media Art e.k.

3770 JSC

### DEFENDANTS
Does 1 through 678, inclusive

(b) County of Residence of First Listed Plaintiff: Berlin, Germany
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Scott Plamondon    (916) 558-6000
Weintraub Genshlea Chediak
400 Capitol Mall, 11th Floor
Sacramento, CA 95814

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [X] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [X] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / **Habeas Corpus:** | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 USC 501
Brief description of cause:
Copyright Infringement

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND  [ ] SAN JOSE  [ ] EUREKA

DATE: July 29, 2011
SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

BY FAX

Scott Hervey, State Bar No. 180188
Scott M. Plamondon, State Bar No. 212294
WEINTRAUB GENSHLEA CHEDIAK
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, California 95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiff
Berlin Media Art e.k.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERLIN MEDIA ART e.k.<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1 THROUGH 678, inclusive,<br><br>Defendants. | Case No.<br><br>CV 11 3770 JSC<br><br>COMPLAINT FOR:<br><br>COPYRIGHT INFRINGEMENT<br>[17 U.S.C. § 501]<br><br>DEMAND FOR JURY TRIAL |

INTRODUCTION

Plaintiff Berlin Media Group e.k. ("Plaintiff") is the owner of the United States copyright in the motion picture titled Sperma trilogie (the "Motion Picture").

The Defendants, and each of them, engaged in the distribution of the Motion Picture via one or more peer to peer ("P2P") networks through the use of software which operates using the BitTorrent protocol.

The Plaintiff is informed and believes that the BitTorrent protocol is a digital communications protocol capable of enabling users to distribute large files without placing a heavy load on the source computer and network. Rather than downloading a file from a single source, the BitTorrent protocol allows users to join a "swarm" comprised of multiple users

{1339785.DOCX;} 1

Complaint for Copyright Infringement;
Demand for Jury Trial

hosting data on their personal computer to download and upload data from each other simultaneously. A user who wants to make a file available that is not already on this type of P2P system will first create a small *torrent* descriptor file which is then distributed by conventional means (web, email, etc.). He then makes a complete copy of the file itself available through a BitTorrent node. This original complete copy is known as a *seed*. Those who have acquired the torrent descriptor file can give it to their own BitTorrent nodes which, acting as *peers*, download it by connecting to the seed and/or other peers. The file is then distributed by dividing it into segments called *pieces*. As each peer receives a new piece of the file, that peer becomes a source of that piece to other peers, relieving the original seed from having to send a copy to every peer.

With BitTorrent, the task of distributing the file is shared by those who want it. Using the BitTorrent protocol it is possible for the seed to send only a single copy of the file itself to an unlimited number of peers. When a peer completely downloads a file, it becomes an additional seed. This eventual shift from peers to seeders determines the overall "health" of the file (as determined by the number of times a file is available in its complete form). This distributed nature of BitTorrent leads to a flood-like spreading of a file throughout peers. As more peers join the swarm, the downloading speed and the likelihood of a successful download increases. Relative to standard Internet hosting, use of the BitTorrent protocol provides a significant reduction in the original distributor's hardware and bandwidth resource costs. It also provides redundancy against system problems, reduces dependence on the original distributor and provides a source for the file which is generally temporary and therefore harder to trace than when provided by the enduring availability of a host in standard file distribution techniques.

## THE PARTIES

1. Berlin Media Group e.k. is a registered merchant ("eingetragener Kaufmann") pursuant to the laws of Germany with its headquarters and primary place of business in Berlin, Germany.

2. The true names of Defendants are unknown to the Plaintiff at this time. Each

1  Defendant is known to the Plaintiff only by the Internet Protocol ("IP") address assigned to that
2  Defendant by his or her Internet Service Provider on the date and at the time at which the
3  infringing activity of each Defendant was observed. The Plaintiff believes that information
4  obtained in discovery will lead to the identification of each Defendant's true name and permit
5  the Plaintiff to amend this Complaint to state the same.

6  3.  Joinder of each of these Defendants in a single action is appropriate because
7  each Defendant was contemporaneously engaged in a coordinated effort with the other
8  Defendants to reproduce and distribute Plaintiff's copyrighted works to each other and
9  hundreds of third parties via BitTorrent protocol. Plaintiff's claims against the Defendants
10 therefore presents issues of law and fact common to all Defendants and all right to relief
11 sought against Defendants arises from the same transaction or series of transactions or
12 occurrences.

## JURISDICTION AND VENUE

14 4.  Jurisdiction in the District Court is based upon 28 U.S.C. § 1331, federal
15 question, in that the action arises out of violations of the Copyright Act, 17 U.S.C. § 501.

16 5.  Venue is proper in the Central District pursuant to 28 U.S.C. §§ 1391 and
17 1400, in that a substantial portion of the events giving rise to the dispute arose in this district,
18 the harm was sustained in this district, and at least one Defendant is found in this district.

19 <u>Rights in the Motion Picture</u>

20 6.  Plaintiff owns the copyright in the Motion Picture and filed a copyright
21 registration application to register the copyright in the Motion Picture on June 10, 2011.
22 Plaintiff's application was granted United States Copyright Registration No. PA-1-741-189.

23 <u>Distribution Of The Motion Picture</u>

24 7.  The Plaintiff is informed and believes that each Defendant, without the
25 permission or consent of Plaintiff, made use of one or more P2P networks to download a copy
26 of the Motion Picture and distributed the Motion Picture to the general public, by making the
27 Motion Picture available for distribution to other users of the P2P network.
28 ///

8. The Plaintiff does not know the true identity of the Defendants. The Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her Internet Service Provider on the date and at the time at which the Defendant's infringing activity occurred.

9. The Defendants knew, or should have known, that they did not have the right to copy or distribute the Motion Picture.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement, 17 U.S.C. § 501)

(Against All Defendants)

10. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 9 above as if set forth in full.

11. Plaintiff is the holder of the exclusive right to distribute the Motion Picture in the United States in all media.

12. Defendants, and each of them, infringed Plaintiff's distribution rights in and to the Motion Picture through the conduct alleged herein, including, but not limited to, downloading a copy of the Motion Picture without authorization from Plaintiff, and distributing copies of the Motion Picture by, among other activities, making a copy of the Motion Picture available for others to download and further distribute to other users, all without authorization from Plaintiff, in violation of 17 U.S.C. § 501.

13. The infringement of Plaintiff's distribution right in the Motion Picture was willful and intentional. Each Defendant knew that they did not have the right to copy or distribute the Motion Picture because they did not have the authorization from Plaintiff (or the producer) to do so. The Motion Picture identifies and acknowledges the producer as the copyright owner, and the Defendants knew they did not have the producer's (or Plaintiff's) authorization to distribute the Motion Picture. The Motion Picture also contains a warning which informed each Defendant that copying the Motion Picture is unlawful.

14. Defendants' infringing actions have caused Plaintiff injury in the form of lost sales, lost profits, and a reduction in market price for the Motion Picture because Defendants

are making the illegal P2P copies of the Motion Picture available for free. Plaintiff continues to be injured by this reduction in market price, and it will take many years for the market to recover to the point where Plaintiff can charge its customary, proper retail price, and in fact the market may never recover to that point. Defendants' infringing actions therefore entitle Plaintiff to recover its actual damages and Defendants' profits in accordance with 17 U.S.C. § 504. Plaintiff may, at its election, recover statutory damages in accordance with 17 U.S.C. § 504(c).

15. Defendants' infringing actions have caused, and continue to cause, irreparable injury to Plaintiff's ability to distribute the Motion Picture by making the Motion Picture available for no charge over various P2P online networks. Defendants' actions therefore entitle Plaintiff to temporary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

16. Defendants' infringing actions also entitle Plaintiff to recover its full costs in bringing this action, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER

### AS TO THE FIRST CLAIM FOR RELIEF

(Copyright Infringement)

(Against All Defendants)

1. For an order requiring Defendants, and each of them, to show cause, if any they have, why they should not be enjoined as hereinafter set forth, during the pendency of this action, pursuant to 17 U.S.C. § 502;

2. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all requiring Defendants, and each of them, and their respective officers, directors, agents, attorneys, servants and employees, and all persons acting under, in concert with, or for them:

   a. to refrain from distributing or copying the Motion Picture without express, written authorization from Plaintiff;

   b. to turn over to Plaintiff or destroy all copies of the Motion Picture in their control or possession;

3. For actual damages and Defendants' profits pursuant to statute, 17 U.S.C. § 504;

4. For statutory damages pursuant to 17 U.S.C. § 504;

5. For costs of suit and Plaintiff's reasonable attorneys' fees according to statute, 17 U.S.C. § 505; and

6. For such other and further relief as the Court may deem just and proper.

Dated: August 1, 2011        WEINTRAUB GENSHLEA CHEDIAK
                             Law Corporation


                             By:    /s/ Scott M. Plamondon
                                    Scott M. Plamondon
                                    State Bar No. 212294

                             Attorneys for Plaintiff
                             Berlin Media Art e.k.


## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 1, 2011        WEINTRAUB GENSHLEA CHEDIAK
                             Law Corporation


                             By:    /s/ Scott M. Plamondon
                                    Scott M. Plamondon
                                    State Bar No. 212294

                             Attorneys for Plaintiff
                             Berlin Media Art e.k.