IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERLIN MEDIA ART e.k.,<br><br>    Plaintiff,<br><br>  v.<br><br>DOES 1 – 654,<br><br>    Defendants. | Case No.: 11-03770 (JSC)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR DISCOVERY PRIOR TO RULE 26(f) CONFERENCE (Dkt. Nos. 2, 11)** |

This case is one of several "mass copyright" cases filed in this District on behalf of various plaintiffs against thousands of doe defendants accused of using BitTorrent technology to illegally download copyrighted files from the internet. See, e.g., Boy Racer v. Does 2–52, Case No. 11–2834-LHK (PSG); Boy Racer v. Does 1-52, Case No. 11-2329-PSG; Pacific Century Int'l, Ltd. v. Does 1–101, Case No. 11–2533-DMR; Pacific Century Int'l, Ltd. v. Does 1-129, Case No. 11-3681-HRL; MCGIP, LLC v. Does 1–149, Case No. 11–2331–LB; Hard Drive Productions, Inc. v. Does 1-166, Case No. 11-03682-LHK (HRL); Hard Drive Productions, Inc. v. Does 1–188, Case No. 11–1566–JCS; Hard Drive Productions, Inc. v. Does 1-118, Case No. 11-01567-LB. Now pending before the Court is Plaintiff's motion for limited ex parte discovery under Federal Rules of Civil Procedure ("FRCP") 26(d) and 45 prior to the FRCP 26(f) conference. Specifically, Plaintiff seeks to subpoena

internet service providers ("ISPs") for personal information that will reveal the identities of the 654 Doe Defendants named in this suit. (Dkt. Nos. 2, 11.) For the reasons explained below, Plaintiff's application is DENIED without prejudice.

## BACKGROUND

Plaintiff alleges that 654 Doe Defendants ("Defendants") used BitTorrent, an internet peer-to-peer ("P2P") file sharing network, to illegally reproduce and distribute Plaintiff's copyrighted work—"Sperma triologie"—in violation of the Copyright Act, 17 U.S.C. § 501 et seq. (Amended Complaint at ¶¶ 3, 12, Dkt. No. 10.) BitTorrent "allows a user to join a 'swarm' comprised of multiple users hosting the sought after file on their personal computer to download and upload from each other simultaneously." (Dkt. No. 11 at 6.) Plaintiff maintains that "the Defendants were all part of the same swarm." (Dkt. No. 11 at 4.) This "swarm" took place between August 29, 2011 and September 22, 2011. (Dkt. No. 11 at Ex. A.) Because Defendants' conduct occurred behind the mask of their anonymous internet protocol ("IP") addresses, Plaintiff cannot identify Defendants without leave to subpoena Defendants' internet service providers ("ISPs") for the identity of the individual or entity related to each IP address. Plaintiff claims that "because each ISP assigns a unique IP address to each subscriber and retains subscriber activity records regarding the IP addresses assigned, the information sought in the subpoena will enable Plaintiff to serve Defendants and proceed with this case." (Dkt. No. 11 at 2: 26-28.) Consequently, Plaintiff asks the Court to grant expedited discovery to issue subpoenas to the relevant ISPs to require the ISPs to disclose the name, address, telephone number, and email address for each Defendant's IP address. (Dkt. No. 3 at 3.)

## DISCUSSION

A court may authorize discovery before the Rule 26(f) conference for the parties' convenience and in the interests of justice. FRCP 26(d)(1). Courts within the Ninth Circuit apply a "good cause"

2

standard to requests for such early discovery. See, e.g., OpenMind Solutions, Inc. v. Does 1-39, 2011 WL 4715200 *2 (N.D. Cal. Oct. 7, 2011). Where, as here, a plaintiff moves for expedited discovery to identify anonymous internet users named as doe defendants, courts consider whether:

> (1)the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

OpenMind Solutions, Inc., 2011 WL 4715200 at *2 (citing Columbia Ins. Co. v. seescandy. com, 185 F.R.D. 573, 578–80 (N.D.Cal.1999)). Upon review of the Amended Complaint and Plaintiff's motion, the Court finds that Plaintiff has not demonstrated the requisite good cause because it has not shown that this Court would have personal jurisdiction over each doe defendant and that venue is proper in this District.

**1. Personal Jurisdiction**

Plaintiff hired "a firm that assists content owners in combating online piracy" to "identify IP addresses and other significant data of each user engaged in the distribution of Plaintiff's Motion Picture." (Dkt. No. 11 at 2.) Despite utilizing this service, Plaintiff does not allege any facts to demonstrate that any of the IP addresses referenced belong to users located in this District; indeed, Plaintiff makes no allegations with respect to personal jurisdiction at all. Instead, the complaint notes only that "at least one" of the 654 Doe Defendants resides in this District and makes no attempt to identify that doe defendant. Plaintiff also does not allege any due diligence to discover the likely location of the doe defendants. Yet, with minimal effort, the Court was able to utilize one of many free and publicly available services to look up the locations affiliated with IP addresses for which Plaintiff seeks discovery. See DigiProtect USA Corp. v. Does, 2011 WL 4444666 (S.D.N.Y Sep. 26,

2011) (stating that "[p]ublicly available software provides basic, or at least presumptive, geographic information about IP addresses"). Selecting at random IP addresses provided in Exhibit A of the Amended Complaint, the Court gathered the following presumptive geographic data:

Doe 1, IP address 172.162.24.137, is in Washington, DC;

Doe 2, IP address 24.49.39.55, is in Hagerstown, Maryland;

Doe 3, IP address 69.88.39.250, is also in Hagerstown, Maryland;

Doe 4, IP address 24.239.89.221, is in Youngstown, Ohio;

Doe 5, IP address 69.42.13.10, is in Concord, California;

Doe 6, IP address 32.160.79.9, is in Washington, DC;

Doe 52, IP address 24.231.236.189, is in St. Louis, Missouri;

Doe 100, IP address 68.59.200.167, is in Chattanooga, Tennessee;

Doe 200, IP address 71.239.76.143, is in Chicago, Illinois;

Doe 300, IP address 31.128.3.24, is in Salkie, Katowice in Poland;

Doe 400, IP address 76.178.187.129, is in Couer d'Alene, Idaho;

Doe 500, IP address 65.190.56.89, is in Raleigh, North Carolina; and

Doe 600, IP address 98.117.214.84, is in Baltimore, Maryland.

These results suggest that this Court lacks personal jurisdiction over the doe defendants; indeed, even without investigating the IP addresses, a cursory look at the carriers identified in the complaint suggests personal jurisdiction problems. For example, Exhibit A includes regional ISPs whose very names suggest they are located outside this District, such as BellSouth, which is headquartered in Atlanta, Georgia, and Atlantic Broadband, which is located in Quincy, Massachusetts. (Dkt. No. 11 at Ex. A.) For this reason alone the Court in its discretion denies the motion for expedited discovery. See DigiProtect USA Corp., 2011 WL 4444666 at *2 (stating that a

court may deny a request for early discovery if the plaintiff cannot make a prima facie showing of personal jurisdiction); Columbia Ins. Co., 185 F.R.D. at 579 (holding that one factor to consider on a motion for expedited discovery is whether the complaint would survive a motion to dismiss).

In short, this case involves a German company whose film has allegedly been illegally downloaded from remote towns in Idaho to the far reaches of Poland over the span of nearly a month. There is nothing in the complaint that makes a prima facie showing that this court in the Northern District of California has personal jurisdiction of the doe defendants named in this case. The Court is not aware of any caselaw that suggests that this Court has personal jurisdiction over all 654 Defendants simply because "at least one" of the defendants (unidentified) allegedly happened to download the file at some point during the time period in question from a computer located in this District. As one court in this District noted, the logical extension of such an unprecedented holding "would be that everybody who used . . . BitTorrent would subject themselves to jurisdiction in every state." On The Cheap, LLC v. Does 1-5011, 2011 WL 4018258 at *4 (N.D. Cal. Sep 6, 2011). "[T]his is a far cry from the requirement that 'there be some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum State,' which is the hallmark of specific jurisdiction." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

**2. Venue**

Plaintiff states that "venue is proper in the Northern District pursuant to 28 U.S.C. §§ 1391 and 1400, in that a substantial portion of the events giving rise to the dispute arose in this district, the harm was sustained in this district, and at least one Defendant is found in this district." (Amended Complaint at ¶ 5.) This conclusory assertion is insufficient to support venue.

First, under the copyright venue provision, venue is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). As explained above, Plaintiff

does not and cannot allege that each of the 654 defendants are found in this District. Thus, venue is not proper under section 1400.

Second, as alluded to in the Amended Complaint, in a federal question case venue is proper in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). There is nothing in the Amended Complaint, however, that suggests Plaintiff—a German company—has a good faith basis for alleging that a substantial part of the events or omissions occurred in this District; to the contrary, the Amended Complaint alleges merely that at least one of the 654 doe defendants resides in this District, and even then does not identify that doe defendant. Thus, once again, Plaintiff's motion for expedited discovery has failed to demonstrate that the complaint could withstand a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 579.

### 3. Joinder

Aside from the significant jurisdictional obstacles noted above, joinder may also be improper. Under FRCP 20(a), proper joinder requires both that claims against all defendants stem from the same transaction or occurrence or series of transactions or occurrences and also that all defendants share in common any question of law or fact. When defendants are not properly joined, FRCP 21 permits the court "at any time, on just terms, to add or drop a party" if "no substantial right will be prejudiced by the severance." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). Several courts have held that "the mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards for joinder set forth in Rule 20." Diabolic Video Productions, Inc. v. Does 1-2099, 2011 WL 3100404 (N.D. Cal. May 31, 2011). As it is unclear how many of the doe defendants this Court would actually have personal jurisdiction and proper venue over, the Court need not address the joinder issue at this time.

## CONCLUSION

The problems with personal jurisdiction and venue in this action are not merely technical. It is fundamentally unfair to require a defendant from outside this District to incur the substantial costs necessary to file a motion to quash in this District when Plaintiff has the ability to discern in advance which IP addresses are at least likely to be from this District. Accordingly, as Plaintiff has not demonstrated good cause, the motion for expedited discovery is DENIED. The denial is without prejudice to Plaintiff amending its complaint and renewing its motion to make at least a prima facie showing that the Court has personal jurisdiction over each defendant for whom Plaintiff seeks early discovery and that venue is proper. See OpenMind Solutions, Inc., 2011 WL 4715200 at *2 (granting motion for expedited discovery where, among other things, the plaintiff had alleged sufficient information to show that each defendant was subject to the jurisdiction of the court).

This Order disposes of Docket Nos. 2, 11.

**IT IS SO ORDERED.**

Dated: October 18, 2011

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE