United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERLIN MEDIA ART e.k., <br>     Plaintiff, <br>   v. <br> DOES 1 – 44, <br>     Defendants. | Case No.: 11-03770 (JSC) <br><br> **ORDER RE: PLAINTIFF'S RENEWED REQUEST FOR DISCOVERY PRIOR TO RULE 26(f) CONFERENCE (Dkt. No. 22)** |

This case is one of several "mass copyright" cases filed in this District on behalf of various plaintiffs against thousands of doe defendants accused of using BitTorrent technology to illegally download copyrighted files from the internet. Now pending before the Court is Plaintiff's third motion for limited ex parte discovery under Federal Rules of Civil Procedure 26(d) and 45 prior to the Rule 26(f) conference. Specifically, Plaintiff seeks to subpoena internet service providers ("ISPs") for personal information that will reveal the identities of the 44 Doe Defendants named in this suit. (Dkt. Nos. 20, 22). For the reasons explained below, the Court DENIES the motion.

## BACKGROUND

Plaintiff alleges that the 44 Doe Defendants ("Defendants") used BitTorrent, an internet peer-to-peer ("P2P") file sharing network, to illegally reproduce and distribute

1 Plaintiff's copyrighted work—"Sperma triologie"—in violation of the Copyright Act, 17
2 U.S.C. § 501 et seq. (Second Amended Complaint, pp. 1-3 , Dkt. No. 20.) BitTorrent "allows
3 a user to join a 'swarm' comprised of multiple users hosting the sought after file on their
4 personal computer to download and upload from each other simultaneously." (Dkt. No. 22, p.
5 2). Plaintiff maintains that "the Defendants were all part of the same swarm," although
6 Plaintiff has not provided information regarding when the swarm occurred. (Dkt. No. 22, p.
7 8). Plaintiff contends that because Defendants' conduct occurred behind the mask of their
8 anonymous internet protocol ("IP") addresses, Plaintiff cannot identify Defendants without
9 leave to subpoena Defendants' internet service providers ("ISPs") for the identity of the
10 individual or entity related to each IP address. "[B]ecause each ISP assigns a unique IP
11 address to each subscriber and retains subscriber activity records regarding the IP addresses
12 assigned, the information sought in the subpoena will enable Plaintiff to serve Defendants and
13 proceed with this case." (Dkt. No. 11, p. 2). Consequently, Plaintiff asks the Court to grant
14 expedited discovery to issue subpoenas to the relevant ISPs requiring disclosure of the name,
15 address, telephone number, and email address for each Defendant's IP address. (Dkt. No. 3, p.
16 3).

17 This is the third time Plaintiff has sought an order from the Court authorizing
18 expedited discovery prior to the Rule 26(f) conference. On October 18, 2011, the Court
19 denied the motion because Plaintiff had not established personal jurisdiction over the then
20 654 Doe Defendants or that venue was proper in this District. (Dkt. No. 12). In addition, the
21 Court expressed concerns regarding joinder under Federal Rule of Civil Procedure 20(a).
22 The motion was denied without prejudice to Plaintiff amending its complaint. Plaintiff
23 renewed the motion without amending the complaint to establish venue or personal
24 jurisdiction, and on November 17, 2011, the Court denied the second motion for the same
25 reasons as the first. (Dkt. No. 15). On December 16, 2011, Plaintiff amended the complaint
26 to name 44 Doe Defendants, and on January 10, 2012, filed the underlying third motion for
27 expedited discovery. (Dkt. Nos. 20 and 22).
28

**DISCUSSION**

A court may authorize discovery before the Rule 26(f) conference for the parties' convenience and in the interests of justice. See Fed. R. Civ. P. 26(d)(1). Courts within the Ninth Circuit apply a "good cause" standard to requests for such early discovery. See, e.g., OpenMind Solutions, Inc. v. Does 1-39, No. 11-3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011). Where, as here, a plaintiff moves for expedited discovery to identify anonymous internet users named as doe defendants, courts consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

OpenMind Solutions, Inc., 2011 WL 4715200, at *2 (citing Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)). Upon review of the Second Amended Complaint and Plaintiff's motion, the Court finds that Plaintiff has not established that it can satisfy any of these factors and thus has not established good cause for early discovery.

**A. Identification of Defendants as Persons Who Can Be Sued**

As an initial matter, Plaintiff has not identified the Defendants with sufficient specificity. Plaintiff alleges that "[e]ach Defendant is known to the Plaintiff only by the IP address assigned to the Defendant by his or her Internet Service Provider *on the date and at the time at which the infringing activity of each Defendant was observed*." (Dkt. No. 22, 3:15-17 (emphasis added)). However, Plaintiff has not specified the date and time at which the infringing activity occurred. The activity could have taken place over a period of days, weeks, months or even years. Exhibit A, which contains the list of the Defendants, identifies the IP address, the "FileHash," ISP, City and County, but it does not list the date or time. (Dkt. No. 22, pp. 16-17). Without information regarding when the download was made there is no way to identify the internet subscriber using the IP address. See Johnson v. Microsoft Corp., No. 06-0900, 2009 WL 1794400, at *3 (W.D. Wash. Jun. 23, 2009) ("[s]ome Internet

service providers assign static IP addresses that remain constant with regard to that particular user, but many assign dynamic IP addresses that change each time the user connects to the Internet").[1]

### B. Previous Steps Taken to Identify the Doe Defendants

Given Plaintiff's failure to specify the date and time of the allegedly infringing activity, the Court questions whether Plaintiff has taken any meaningful steps to identify the Doe Defendants since this information is crucial to determining which subscriber was associated with a particular IP address.

### C. Withstanding a Motion to Dismiss

To prevail on its copyright claim, Plaintiff must prove (1) that it owns a valid copyright, and (2) that each defendant copied a work covered by the copyright. Online Policy Group v. Diebold, Inc., 337 F.Supp.2d 1195, 1199 (N.D. Cal. Sep. 30, 2004). "To be liable for direct infringement, one must actively engage in and directly cause the copying." Id. (internal quotation marks and citation omitted). Although Plaintiff has submitted evidence that it is the owner of the copyright to "Sperma trilogie," Plaintiffs failure to allege when each Defendant intentionally copied its work precludes Plaintiff from establishing a prima facie case of infringement. Accordingly, Plaintiff cannot demonstrate that the Complaint could withstand a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 579.

Furthermore, as the Court noted in its October 18, 2011 Order, the Court has concerns regarding the propriety of joinder in this case. (Dkt. No. 12, p. 6). Under Federal Rule of Civil Procedure 20(a), proper joinder requires both that claims against all defendants stem from the same transaction or occurrence or series of transactions or occurrences and also that all defendants share in common any question of law or fact. When defendants are not properly joined, Federal Rule of Civil Procedure 21 permits the court "at any time, on just

---

[1] For example, Comcast, the ISP for fourteen of the Doe Defendants, states on its website that "You should expect to get a new IP address each time you log in to XFINITY Internet 2go. IP addresses are assigned from a pool of dynamic public IP addresses; the assignment will be for one session only." See http://customer.comcast.com/help-and-support/wireless-internet/ip-addresses-with-internet-2go/.

terms, to add or drop a party" if "no substantial right will be prejudiced by the severance." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).

Several courts have held that "the mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards for joinder set forth in Rule 20." Diabolic Video Productions, Inc. v. Does 1-2099, No. 10-5865, 2011 WL 3100404, at *3 (N.D. Cal. May 31, 2011) (listing cases). This is particularly true where Plaintiff's allegations span significant periods of time. See, e.g., Third Degree Films v. Does 1-3577, No. 11-2768, 2011 WL 5374569, at *3 (N.D. Cal. Nov. 4, 2011) (finding joinder improper where the 3,577 Doe defendants downloaded the protected work at various dates and times ranging from November 11, 2010 to June 1, 2011); On The Cheap, LLC v. Does 1-5011, No. 10-4472, 2011 WL 4018258 (N.D. Cal. Sept. 6, 2011) (finding that the seven-week gap of time between the alleged infringing acts of the first user and last user failed to support an inference that the users were cooperating with each other). Indeed, the Court cannot see how joinder is proper where, as here, "Plaintiff [did] not plead facts showing that any particular defendant illegally shared plaintiff's work with any other particular defendant." Boy Racer, Inc. v. Does 1–60, No. 11–01738, 2011 WL 3652521, at *4 (N.D. Cal. Aug. 19, 2011).

Based on Plaintiff's failure to specify the date and time of the alleged infringement by each Doe Defendant, the Court in its discretion denies the motion for expedited discovery.

## CONCLUSION

Accordingly, the renewed motion for expedited discovery (Dkt. No. 22) is DENIED without prejudice to renewal accompanied by information regarding when the allegedly infringing activity occurred for each Doe Defendant.

**IT IS SO ORDERED.**

Dated: January 24, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE