IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERLIN MEDIA ART e.k., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1 – 44, inclusive, <br><br> Defendants. | Case No.: 11-03770 (JSC) <br><br> **ORDER DENYING LEAVE TO FILE THIRD AMENDED COMPLAINT (Dkt. No. 30)** |

Now pending before the Court is Plaintiff's Motion for Leave to File a Third Amended Complaint.[1] (Dkt. No. 30). The Court has reviewed Plaintiff's motion and finds that there is no good cause to amend the Complaint as proposed. Accordingly, Plaintiff's Motion for leave to file a Third Amended Complaint is DENIED.

## BACKGROUND

Plaintiff filed this action on August 1, 2011 alleging copyright infringement claims against Does 1-654, and thereafter filed a First Amended Complaint against Does 1-654 on September 23, 2011. (Dkt. Nos. 1 & 10). On October 18, 2011, the Court denied Plaintiff's Motion for Expedited discovery because Plaintiff had failed to establish that the Court had

---

[1] The motion is actually captioned as a Motion for Leave to File a Second Amended Complaint. However, Plaintiff has already twice amended the complaint. (Dkt. Nos. 10 & 20).

personal jurisdiction over the Does Defendants or that venue was proper in this District. (Dkt. No. 12). Shortly thereafter, Plaintiff renewed the motion for expedited discovery arguing that any consideration of personal jurisdiction or venue was premature at that stage. The Court denied the renewed motion. (Dkt. No. 15).

On December 16, 2011, Plaintiff filed a Motion for Leave to File a Second Amended Complaint against Does 1-44, all of whom were identified by IP addresses within the Northern District of California. (Dkt. No. 20). The Court granted the motion on December 29, 2011. (Dkt. No. 21). On January 10, 2012, Plaintiff filed a Motion for Expedited Discovery. The Court denied the motion finding that Plaintiff had not established good cause for early discovery because Plaintiff had failed to identify the Doe Defendants with sufficient specificity by having failed to identify the date or time of the infringing activity for any of the Doe Defendants.

On February 16, 2012, Plaintiff filed the underlying Motion for Leave to File a Third Amended Complaint naming 79 new Doe Defendants.

## DISCUSSION

Plaintiff seeks leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) which provides that "the court should freely give leave [to amend the complaint] when justice so requires." Although Plaintiff's proposed amended complaint seeks leave to substitute in 79 *new* Doe Defendants, Plaintiff's motion to amend the complaint fails to disclose that Plaintiff has named new Doe Defendants.[2] (Dkt. No. 30). Indeed, the only reference to the 79 new Doe Defendants is found in the accompanying chart reflecting the IP addresses and date and time of the allegedly infringing activity for each Doe Defendant. (Dkt. No. 30-2). Because the IP addresses in the chart are all different from those in Second Amended Complaint it is apparent that Plaintiff is seeking to bring an entirely new complaint.[3] Furthermore, the dates of the allegedly infringing activity range from August 2,

---

[2] Plaintiff did not even correct the caption to reflect that it was naming 79 rather than 44 Doe Defendants.

[3] The IP Address for one of the Doe Defendants, Doe 14, overlaps with the IP address for one of the new Doe Defendants, Doe 53. Compare Dkt. No. 18 with Dkt. No. 30-2. However,

2011 to October 21, 2011.  Thus, all of the allegedly infringing activity took place *after* the complaint was filed in this action on August 1, 2011.

Rather than forthrightly disclose that it is attempting to substitute entirely new defendants, Plaintiff misrepresents that it has complied with the Court's January 24, 2012 Order directing Plaintiff to identify each Defendant by the date and time at which the infringing activity occurred.  "Plaintiff seeks to amend its complaint to comply with the Court's request by including the date and time at which the infringing activity of each Defendant was observed."  (Dkt. No. 30, at p. 3).  In fact, Plaintiff has identified the date and time of the infringing activity of an entirely different set of defendants.

If Plaintiff wishes to pursue claims against entirely different defendants and conduct than that previously alleged it should file a new action.  To allow the amendment proposed here—when Plaintiff did not even disclose the true effect of the amendment—would merely encourage judge shopping and avoidance of payment of filing fees.

Accordingly, the Court in its discretion finds that Plaintiff has failed to demonstrate the requisite good cause to amend the complaint.  Plaintiff's motion (Dkt. No. 30) is DENIED.

**IT IS SO ORDERED.**

Dated:  March 6, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

there is no way to tell if Doe 14 and Doe 53 are the same individual because as the Court previously noted "[s]ome Internet service providers assign static IP addresses that remain constant with regard to that particular user, but many assign dynamic IP addresses that change each time the user connects to the Internet."  See Johnson v. Microsoft Corp., No. 06-0900, 2009 WL 1794400, at *3 (W.D. Wash. Jun. 23, 2009).  Because Plaintiff did not identify the date and time of the allegedly infringing activity associated with this IP address in its Second Amended Complaint, there is no way to tell if Does 14 and 53 are the same users.